### WIERTZ SILK MFG. CO. v. LOUIS METZGER & CO.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

1. WORK AND LABOR (§ 30*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
   In an action for charges for manufacturing silk thread delivered to plaintiff into cloth of gold, in which defendant counterclaimed for the value of thread delivered and not used, evidence *held* to make it a jury question whether any of the thread delivered was not used by defendant and retained.
   [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 59–65; Dec. Dig. § 30.*]

2. WORK AND LABOR (§ 27*)—ACTIONS—ADMISSION OF EVIDENCE.
   In an action for charges for manufacturing silk thread delivered to plaintiff into cloth of gold, in which defendant counterclaimed for the value of thread delivered and not used, evidence as to the number of yards of cloth delivered to defendant, and that its weight was equivalent to the thread delivered, was admissible.
   [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 50–54; Dec. Dig. § 27.*]

Appeal from City Court of New York, Trial Term.

Action by the Wiertz Silk Manufacturing Company against Louis Metzger & Co.  From a judgment for plaintiff, less the amount of defendants' counterclaim, plaintiff appeals.  Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Reuben S. Lind, of New York City, for appellant.

L. & I. J. Joseph, of New York City (Louis Joseph, of New York City, of counsel), for respondent.

PAGE, J.  The parties to this action made an agreement whereby the defendant delivered to the plaintiff a quantity of gold thread to be manufactured into cloth of gold and returned to the defendant at

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a stipulated price per yard. After the contract was performed the plaintiff billed the goods to the defendant. The defendant refused to pay the bill unless the plaintiff would credit it with 24 kilos of gold thread, which it claimed had not been used in making the cloth and had never been returned. This action was brought to recover the amount of the bill, and the defendant counterclaimed for the value of the thread claimed to be short.

At the trial the plaintiff's claim was conceded. The defendant, in support of the counterclaim, placed one of its officers on the stand, who testified that he had weighed the cloth returned by the plaintiff and found that it was 24 kilos less in weight than it should have been after allowing 9 per cent. for waste, which was conceded to be a proper allowance. To rebut this testimony the plaintiff attempted to prove the weight of gold returned, by showing the number of yards of cloth delivered to the defendant and the average weight per yard. There was already in evidence an admission, made by the defendant in a letter to the plaintiff, that "12 yards of 18 inch" was equal to 1 pound 6³/₁₀ ounces, and that 12 yards of "24 equals 1 pound 14¹/₅ ounces." Using this as a basis, the plaintiff offered to prove the number of yards delivered, and show that the weight returned was equivalent to that delivered. This proof the learned trial justice refused to receive, and insisted upon the production of witnesses who had weighed the cloth and could testify as to its weight. The plaintiff was forced to concede that it had not weighed the goods, whereupon a verdict was directed for the defendant upon the counterclaim.

[1] There was nothing to support the defendant's counterclaim, except the uncorroborated word of one of its officers that he weighed the cloth. Opposed to this were the oaths of the plaintiff's officer and servant that all the material furnished by the defendant was used in making the cloth. There was presented a sharply contested question of fact, which should have been submitted to the jury as requested by the plaintiff's attorney.

[2] By reason of its relevancy to this question, and also as affecting the credibility of the defendant's testimony, the plaintiff should have been permitted to prove the weight of the goods which it delivered to the defendant, by the admitted ratio of yards to ounces.

Because of these errors, the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.